IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERREL G. DRAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-471-D |
| | ) |
| STATE OF OKLAHOMA, *ex rel.*, | ) |
| OKLAHOMA STATE DEPARTMENT | ) |
| OF HEALTH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant State of Oklahoma, *ex rel.*, Oklahoma State Department of Health's ("OSDH") Motion [Doc. No. 5] seeking partial judgment on the pleadings. Plaintiff Cherrell G. Drake failed to respond to Defendant's Motion within the deadline set by LCvR7.1(g). Pursuant to Fed. R. Civ. P. 12(c), Defendant seeks judgment only on Plaintiff's alleged *Burk* tort claim.

## BACKGROUND

Plaintiff brings this action resulting from her termination as an OSDH employee. According to her allegations, Plaintiff is an African American female who was employed by OSDH as a Commercial Licensing Manager. After receiving a complaint that someone within OSDH was approving medical marijuana business licenses for illegal payments,[1] OSDH placed Plaintiff on administrative leave with pay on November 6, 2020.

---

[1] Plaintiff had approved the license referenced in the complaint on an expedited basis. *See* Compl. [Doc. No. 1-2] at ¶ 6.

1

Approximately one week prior to being placed on administrative leave, Plaintiff verbally reported that certain OSDH employees had conflicts of interests with a licensee that OSDH was involved in high-profile litigation with. She contends that OSDH's decision to terminate her was motivated by discrimination and/or retaliation.

While on administrative leave, Plaintiff gave birth to a child, and on March 4, 2021, requested that her child be placed on her health insurance. Plaintiff was terminated from her position on March 10, 2021, and given no reason for her termination. She alleges that Defendant retaliated against her because she reported that other OSDH employees had conflicts of interests.

Plaintiff alleges that her termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 *et seq*. In addition, pursuant to *Burk v. K-Mart Corporation*, 770 P.2d 24 (Okla. 1989), she asserts a pendent state tort claim for wrongful termination in violation of Oklahoma's public policy of protecting employees who speak out about wrongdoing at work. *See* Compl. [Doc. 1-2] at ¶¶ 39-41. Defendant only seeks judgment on Plaintiff's *Burk* tort claim.

## STANDARD OF DECISION

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings at any time after the pleadings are closed as long as the motion is made early enough not to delay trial. Judgment on the pleadings is appropriate only where the movant establishes "an absence of any issue of material fact and entitlement to judgment as a matter of law." *Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th

Cir. 2015); *see also Sanders v. Mountain Am. Fed. Credit Union*, 689 F. 3d 1138, 1141 (10th Cir. 2012).

Because Plaintiff did not allege compliance with the Oklahoma Governmental Tort Claims Act (the "GTCA") as to her *Burk* tort claim, OSDH contends that the claim must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court construes Defendant's motion as a "facial attack." In considering Defendant's facial attack, the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (internal quotation marks and citations omitted).

## DISCUSSION

Oklahoma invokes sovereign immunity as to all tort claims against "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment" but then waives that immunity "to the extent and in the manner provided in [the] Act." Okla. Stat. tit. 51, § 152.1. As a result, Oklahoma and its agencies—including OSDH—are immune from suit in tort unless the plaintiff's suit complies with the requirements of the GTCA. *See Tuffy's Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009) ("The GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort.").

Among other restrictions, the GTCA requires that a plaintiff, prior to filing suit, present notice of the claim to the State (or relevant agency) within one year of the date of loss and then, if the claim is denied, commence the action within 180 days after the denial. *See* Okla. Stat. tit. 51, §§ 156(B), 157(B). Written notice is a jurisdictional prerequisite to

a civil action under the GTCA. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996). Where a plaintiff fails to plead compliance with the GTCA's written notice requirements, she cannot proceed on a public policy tort claim against the state. *See Gurley v. Mem'l Hosp. of Guymon*, 770 P2d 573, 576 (Okla. 1989).

According to her allegations, Plaintiff was terminated on March 10, 2021. *See* Compl. [Doc. No. 1-2] at ¶ 10. The record suggests that Plaintiff has not filed a GTCA notice. Because written notice of the claim must be presented "within one year of the date of the loss," the jurisdictional prerequisite to a civil action under the GTCA has not been satisfied. Thus, Plaintiff's *Burk* tort claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

OSDH's Motion for Judgment on the Pleadings [Doc. No. 5] is **GRANTED.** Because Plaintiff has failed to plead compliance with the GTCA notice requirement as to her *Burk* tort claim, the claim is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 28th day of September, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge